## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Unitarian Universalist Church of
Minnetonka,

                        Plaintiff,

                                          Civ. No. 10-607 (RHK/TNL)
v.                                            **ORDER**

City of Wayzata,

                        Defendant.

      This matter is before the Court on the letter request (Doc. No. 51) of Defendant City of Wayzata (the "City") to expand the word limit in connection with its Motion for Summary Judgment. For the reasons set forth below, the City's request will be denied without prejudice, as it is premature.

      The Plaintiff in this action, Unitarian Universalist Church of Minnetonka (the "Church"), has challenged the City's denial of its request for a permit to construct a new church building. It alleges that this denial violated *inter alia* its rights to freedom of speech, assembly, and religion under the First Amendment to the United States Constitution; due process and equal protection under the Fourteenth Amendment; and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq.* The City answered the Church's Complaint and asserted as an affirmative defense that the RLUIPA is unconstitutional on its face and as applied here.

      The City subsequently notified the Government that it had challenged the RLUIPA's constitutionality. See 28 U.S.C. § 2403; Fed. R. Civ. P. 5.1. The Government

then filed a notice as a "potential intervenor," acknowledging the City's constitutional challenge but declining to intervene because the challenge was asserted only as an affirmative defense, and hence the City had not yet "detailed the basis" for its challenge by motion or otherwise. (See Doc. No. 41.) The Government asked to be notified once the City "further challenge[d] RLUIPA's constitutionality in this case in a dispositive motion or other filing," so that it could then determine whether intervention would be appropriate. (Id.)

The parties later cross-moved for summary judgment, noticing a hearing on their Motions for July 14, 2011. The City indicated that it will seek in its Motion a ruling that the RLUIPA is unconstitutional, although the precise nature of its argument is yet unclear. (See Doc. No. 46.) Presumably, the argument will be spelled out in the City's opening brief. In accordance with Local Rule 7.1(b)(1), however, that brief has not yet been filed – it is due on June 2, 2011. And once that brief has been filed, the Government should be able to assess whether intervention to defend the statute's constitutionality is necessary or warranted.

By letter dated May 20, 2011, the City has now requested leave to exceed Local Rule 7.1(d)'s 12,000-word limit for its summary-judgment briefs. It asserts that because the Government "has intervened to defend the constitutionality of [the] RLUIPA," it is at a "substantial [dis]advantage" because both the Government and the Church will be permitted to file 12,000-word responses to its Motion, while it will be limited to a total of 12,000 words. (See Doc. No. 51 at 1-2.) The problem with the City's assertion, however, is laid bare above: the Government has *not* intervened in this action, but rather

has indicated that it *might* do so, once it reviews the City's arguments concerning the RLUIPA's constitutionality.  And if the Government does not intervene, there would be no reason to expand the 12,000-word limit.  Accordingly, the City's request is premature at this juncture.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that the City's letter request (Doc. No. 51) is **DENIED WITHOUT PREJUDICE**.  The parties should file their opening briefs as scheduled on or before June 2, 2011.  The Court will then stay further briefing on the Motions for no more than 60 days, to permit the Government an opportunity to intervene.  See Fed. R. Civ. P. 5.1(c) (providing the Government may intervene within 60 days upon notice of constitutional challenge to federal statute).  If the Government does so, the City may then re-file its request to expand the 12,000-word limit.  When filing its opening brief, however, the City should bear in mind that the Court may not grant a request to expand the word limit even if the Government intervenes in this action.  Accordingly, if the City intends to submit a reply brief, it should ensure that its opening brief leaves remaining a sufficient number of words for it to do so.

Date:  May 20, 2011                                  s/Richard H. Kyle
                                                     RICHARD H. KYLE
                                                     United States District Judge