**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Unitarian Universalist Church of Minnetonka,

Plaintiff,

v.

Civ. No. 10-607 (RHK/TNL)
**ORDER**

City of Wayzata,

Defendant.

---

In this action, Plaintiff Unitarian Universalist Church of Minnetonka (the "Church") has asserted, *inter alia*, that Defendant City of Wayzata (the "City") violated the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq.*, by denying it a permit to construct a new church building. The parties have cross-moved for summary judgment;[1] in its brief, the City asserted (among other things) that RLUIPA is unconstitutional. In light of that assertion, the Court afforded the United States an opportunity to intervene and defend the statute, pursuant to 28 U.S.C. § 2403(a) and Federal Rule of Civil Procedure 24(a). The United States availed itself of that opportunity and filed a 22-page brief arguing that RLUIPA passes constitutional muster.

The City has now requested an expansion of the word limit in connection with the remaining briefing on the parties' summary-judgment Motions, seeking an additional

[1] The Church moved for only partial summary judgment on its claim under the First Amendment (Count I) and certain of its claims under RLUIPA (Counts VI-VIII).

10,000 words beyond the 12,000-word limit in Local Rule 7.1(d). (See Doc. No. 82.)[2] While the Church agrees that the City should be afforded additional words, it opposes the scope of the City's request, asserting that the City does not require 10,000 additional words and that "a more equitable approach would be to allow [the City] to file a separate brief of roughly equivalent length to" that filed by the United States. (Doc. No. 83.) The Court agrees with the Church that the City does not need an additional 10,000 words – approximately 30 pages of text – to respond to the arguments raised in the United States' brief.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** as follows:

1. The Church and the City shall each serve and file *one* memorandum in response to the opposing party's summary-judgment Motion and in further support of its own Motion. To be clear, this means that the Church shall serve and file only one additional memorandum and the City shall serve and file only one additional memorandum;

2. The City's letter request to expand the word limit (Doc. No. 82) is **GRANTED IN PART**. The City's memorandum described in paragraph 1 above **shall not exceed 6,398 words** (representing an additional 4,000 words above the 12,000-word limit). *No further submissions – whether by memorandum, letter, affidavit, or otherwise*

[2] The City expended 9,602 words in its opening brief, leaving 2,398 words for its reply.

– *shall be permitted in connection with the summary-judgment Motions absent further Order of the Court*;[3] and

3. The schedule for submission of the memoranda set forth above will be set by a forthcoming Order of the Court.

Date: August 8, 2011

s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge

[3] This is not to suggest that the parties cannot submit affidavits or other evidentiary matter with their memoranda. The parties shall not, however, submit matter containing legal argument under the guise of an affidavit, letter, etc., in an attempt to evade the word limit set forth above. See Fed. R. Civ. P. 56(c)(4) (affidavits or declarations supporting or opposing summary judgment must "set out *facts* that would be admissible in evidence") (emphasis added).